## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | |
|---|---|
| LISA ALDRIDGE, | |
| Plaintiff, | |
| -vs- | CIVIL ACTION NO: |
| SOUTHWEST GEORGIA COMMUNITY ACTION COUNCIL, INC.;  DAVID RANDEL "RANDY" WELDON; and  BERNETTA QUIMBLEY SWEET, | JURY TRIAL DEMANDED |
| Defendants. | |

## **COMPLAINT**

COMES NOW, Plaintiff LISA ALDRIDGE, and hereby files this Complaint against Defendants Southwest Georgia Community Action Council, Inc.; David Randel "Randy" Weldon; and Bernetta Quimbley Sweet, respectfully showing the Court as follows:

### I.  PARTIES, JURISDICTION & VENUE

1.      Plaintiff is a citizen and resident of Arlington, Calhoun County, Georgia.

2.      Defendant Southwest Georgia Community Action Council, Inc. ("SWGACAC") is a Georgia Nonprofit Corporation with its principal office located at 912 1st Ave., S.E., Moultrie, Georgia, 31768.  Defendant SWGACAC

may be served with process through its registered agent, Randy Weldon, at 912 1st

Ave., S.E., Moultrie, Colquitt County, Georgia, 31768.

3.     Defendant SWGACAC was created as a result of the Economic

Opportunity Act of 1964 as an agency empowered to receive federal, state, local,

and private funds to provide social programs and services to twenty-one counties

in Georgia including: Baker, Calhoun, Clay, Colquitt, Decatur, Dougherty, Early,

Grady, Lee, Marion, Miller, Mitchell, Quitman, Randolph, Schley, Seminole,

Sumter, Terrell, Thomas, Webster, and Worth.

4.     Defendant David Randel "Randy" Weldon is the Chief Executive

Officer of Defendant SWGACAC.  Upon information and belief Defendant

Weldon is a citizen and resident of Moultrie, Colquitt County, Georgia.

5.     Defendant Bernetta Quimbley Sweet was Plaintiff's direct supervisor

on June 17, 2020.  Upon information and belief, Defendant Sweet is a citizen and

resident of Albany, Doughtery County, Georgia.

6.     This cause of action is based upon injuries sustained by Lisa Aldridge

that occurred in Moultrie, Colquitt County, Georgia.

7.     This Court has subject-matter jurisdiction over Plaintiff's federal

claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil

rights) and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §

1367 (supplemental jurisdiction).

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.      FACTUAL ALLEGATIONS

9.      Plaintiff re-alleges and incorporates all preceding paragraphs as if

restated herein.

### A.      *Background of Defendant SWGACAC*

10.      Defendant SWGACAC is a local Community Action Agency that was

formed pursuant to the Economic Opportunity Act of 1964 with the purpose to

provide stimulation and incentive for urban and rural communities to mobilize

their resources to combat poverty.

11.      Defendant SWGACAC is operated with public funds and receives

significant assistance from the government by provision of property or equipment.

Upon information and belief, SWGACAC is funded, in part, by federally

appropriated Community Services Block Grant.  Upon further information and

belief, additional funding is received from other state and federally funded grants.

12.      As Defendant SWGACAC administers and distributes government

benefits to socially and economically disadvantaged individuals, Defendant

SWGACAC performs a public function that is traditionally the exclusive prerogative of the State.

13.   In the alternative, the State has so far insinuated itself into a position of interdependence with Defendant SWGACAC that it is a joint participant in the enterprise.

### B.   Plaintiff's Employment with Defendant SWGACAC

14.   Plaintiff was hired by Defendant SWGACAC as a community service manager for Calhoun County in June 2000.  Plaintiff also covered both Early and Dougherty counties when needed.

15.   By June 2020, Plaintiff was one of the longest-serving community service managers at Defendant SWGACAC.  As the Community Service Manager, Plaintiff served citizens in Calhoun, Dougherty, and Early counties.  On some occasions, she would serve residents of Baker County.

16.   In 2005, Plaintiff was elected to serve on the City Council for the City of Arlington, Georgia.  She was reelected every term after her initial election and was serving on the City Council in June of 2020.

17.   As part of her duties as a City Council member, Plaintiff oversaw the administrative department.  Plaintiff's duties of oversight included oversight of the Arlington City Clerk.

18.     On June 12, 2020, City of Arlington Mayor Raymond Williams asked Plaintiff to be present at a meeting with the City Clerk, Mary King.  During this meeting, Mayor Williams terminated Mary King.

19.     Plaintiff was not involved in the decision to terminate Mary King. Instead, Mayor Williams asked Plaintiff to be present to witness to the meeting.

20.     Following that meeting, individuals who opposed the decision to terminate Ms. King began to call Defendant SWGACAC and complain about Plaintiff.

21.     On June 17, 2020, Defendant Sweet called Plaintiff and asked her to come to SWGACAC headquarters in Moultrie for a meeting with Sweet and Defendant Weldon, the Chief Executive Officer of Defendant SWGACAC.

22.     During the meeting, Defendant Weldon asked Plaintiff to resign her position with Defendant SWGACAC because of her membership on the Arlington City Council.  Defendant Weldon told the Plaintiff that her membership on the City Council, and the Council's termination of City Clerk Mary King, brought too much attention to Plaintiff in her job as Community Service Manager for SWGACAC.

23.     When Plaintiff refused to resign, Defendant Weldon terminated her employment with Defendant SWGACAC.  The sole reason Defendant Weldon

provided for this termination was Plaintiff's status as a member of the City of

Arlington City Council.

24.    Despite excelling in her role as a community service manager for

nearly twenty years,  Defendant SWGACAC falsely reported to the State of

Georgia Department of Labor that Plaintiff was terminated due to "[f]ailure to

perform job duties."

25.    Instead, Defendant SWGACAC terminated Plaintiff solely due to her

exercise of her First Amendment right to serve in public office.

### III. CAUSES OF ACTION

### VIOLATION OF PLAINTIFF'S FIRST AND/OR FOURTEENTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983

26.    Plaintiff re-alleges and incorporates all preceding paragraphs as if

restated herein.

27.    Plaintiff has a right, under the First Amendment of the United States

Constitution, to voice her opinions and express herself on the Arlington City

Council and to hold public office.

28.    Plaintiff's actions as an Arlington City Council member and act of

holding public officer were fully protected speech under the First Amendment of

the United States Constitution.

29.     Defendants targeted Plaintiff and terminated Plaintiff in retaliation of her proper exercise of these First Amendment rights.

30.     When Defendants terminated Plaintiff for her activities on the Arlington City Council, Defendants abridged Plaintiff's right to engage in protected speech in violation of the Free Speech Clause of the First Amendment.

31.     Thus, Defendant SWGACAC took adverse action against Plaintiff in violation of her rights under the First Amendment of the United States Constitution.

32.     Defendants' actions also deprived Plaintiff's right not to be deprived of a liberty interest without due process of law under the Fourteenth Amendment.

33.     Defendant SWGACAC performs a public function that was traditionally the exclusive prerogative of the State.

34.     In the alternative, the State so far insinuated itself into the position of interdependence with Defendant SWGACAC that it was a joint participant.

35.     Accordingly,  Defendant SWGACAC is a State actor acting under color of state law.

36.     Defendants' conduct deprived the Plaintiff of rights, privileges, or immunities guaranteed under federal law and the U.S. Constitution.

37.     As a direct and proximate result of Defendants' violation of

Plaintiff's rights under the First and/or Fourteenth Amendments, Plaintiff has

suffered irreparable harm, including the loss of her constitutional rights, financial

loss, and damage to her reputation.

## PUNITIVE DAMAGES

38.    Plaintiff re-alleges and incorporates all preceding paragraphs as if

restated herein.

39.    As a direct and proximate result of Defendants' action, Plaintiff

suffered damages through the loss of her employment, employment benefits, and

injury to reputation.

40.    Through their actions, Defendants showed wantonness, oppression,

and a want of care which would raise the presumption of conscious indifference to

consequences.

41.    Due to Defendants' acts or omissions, Plaintiff is entitled to punitive

damages from Defendants.

## ATTORNEY'S FEES AND EXPENSES

42.    Plaintiff re-alleges and incorporates all preceding paragraphs as if

restated herein.

43.    Defendants have acted in bad faith, have been stubbornly litigious,

and have caused the Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to reasonable attorney's fees and costs of litigation pursuant to 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11.

44.    Defendants are jointly and severally liable to the Plaintiff for all of the above-mentioned damages suffered.

**WHEREFORE,** Plaintiff prays for the following relief:

a.  That summons and process issue and be served upon Defendants;

b.  For a trial by jury comprised of twelve persons;

c.  That Plaintiff be awarded an appropriate sum to compensate for her injuries and damages;

d.  That Plaintiff be awarded punitive damages in an amount to be determined by the jury;

e.  For attorney's fees and costs of this action pursuant to 42 U.S.C. § 1988 and state law; and

f. Such other and further relief as the Court deems just and proper.

THIS THE 22<u>nd</u> DAY OF <u> APRIL </u>, 2021.

SAVAGE & TURNER, P.C.

By:    <u>*/s/  Brent J. Savage*      </u>
       Brent J. Savage
       Georgia Bar No. 627450

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140
Fax: (912) 232-4212
lhatcher@savagelawfirm.net